UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER BOX,<br>       Plaintiff,<br>  v.<br>PAUL MIOVAS, et al.,<br>       Defendants. | Case No. 12-cv-04347-VC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND FOR DISCOVERY AND GRANTING, IN PART, MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION**<br><br>Re: Dkt. Nos. 53-55 |

On August 17, 2012, Plaintiff Rodger Box filed a complaint under 42 U.S.C. § 1983 against the City of Concord and employees or former employees of the Concord Police Department, based upon events that occurred during Box's arrest on August 21, 2010. Box was convicted of resisting arrest and appealed his conviction. On April 8, 2013, this case was stayed during the pendency of Box's appeal pursuant to a stipulation between the parties. *See* Dkt. no. 38. On November 5, 2014, the stay was lifted and the Court issued an order for the defendants to file a brief explaining whether the case should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), or for any other reason. *See* Dkt. no. 50.

On November 26, 2014, the defendants filed a motion for judgment on the pleadings arguing, among other things, that Box's claims are barred by *Heck v. Humphrey*. On December 12, 2014, Box filed motions to compel discovery, for sanctions and for an extension of time to file an opposition to the defendants' motion. The defendants have opposed the motion for an extension of time.

Box moves to compel discovery and for sanctions because the defendants have not responded to many of his discovery requests. Dkt. nos. 53, 55. Box's discovery requests appear to fall into three categories: (1) requests for documents addressing the Concord Police

1  Department's policy and procedures on the use of force and taser guidelines; (2) requests for
2  employment information about the defendants; and (3) requests for documents concerning the
3  August 21, 2010 incident which gave rise to Box's claims for relief.  From Box's exhibits, it
4  appears that the defendants have responded to requests in the third category, but not to requests in
5  the first two categories.  Box moves to extend the time to file his opposition until he has obtained
6  the discovery he seeks because he expects it will reveal "unprecedented corruption, perjury and
7  conspiracy to deprive him of his civil rights."  Dkt. no. 54 at 2.

8        With the exception of Box's three motions, the only motion before the Court is the
9  defendants' motion for judgment on the pleadings pertaining to the threshold issue of whether
10 Box's Fourth Amendment, state law and *Monell* claims are barred by his jury-trial conviction
11 pursuant to *Heck v. Humphrey*.  The motion for judgment on the pleadings is based upon Box's
12 complaint and judicially noticeable documents relating to Box's criminal trial, all of which the
13 defendants have filed with their motion.  Thus, the defendants' motion presents legal, not factual
14 issues.  *See Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998) (judgment on the
15 pleadings is granted when, taking all allegations in pleadings as true, the moving party is entitled
16 to judgment as a matter of law).  Most of the discovery Box seeks is not relevant to the
17 determination of this motion.  If the motion for judgment on the pleadings is denied and Box's
18 claims are addressed on their merits, the discovery he seeks may then be relevant.  Accordingly,
19 Box's motions for sanctions and to compel discovery are denied without prejudice.  If the Court
20 denies the defendants' motion for judgment on the pleadings, the parties will then meet and confer
21 about discovery.  If Box is dissatisfied with the defendants' response to his discovery requests, he
22 may then re-file his discovery motions.

23       According to the present briefing schedule, Box's opposition to the defendants' motion for
24 judgment on the pleadings is due on December 24, 2014.  In the interests of justice, this deadline
25 is extended.  Box's opposition is now due within twenty-one days from the date of this order.  The
26 defendants' reply is due fourteen days after Box files his opposition.  Accordingly, Box's motion
27 for an extension of time is granted, in part.  However, given the length of time this case has been
28 pending, Box will receive no further extension to file his opposition brief.

United States District Court
Northern District of California

The hearing dates the parties have noticed are vacated.  The Court will notify the parties if it determines that a hearing on the motion for judgment on the pleadings is necessary.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Box's motions for sanctions and to compel discovery are denied without prejudice.  Dkt. nos. 53 and 55.

2. Box's motion for an extension of time to file his opposition is granted, in part.  His opposition is due twenty-one days from the date of this order.  The defendants shall file their reply within fourteen days thereafter.

3. The Clerk of the Court is directed to vacate all hearing dates.

**IT IS SO ORDERED**.

Dated: December 30, 2014

_____
VINCE CHHABRIA
United States District Judge